IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


ARLEN K. LESLEY,

    Plaintiff,

vs.                                            Case No. 4:05cv343-MP/WCS

MONICA DAVID,

    Defendant.

                                         /


## REPORT AND RECOMMENDATION

    This case was recently reassigned to the undersigned. Doc. 4. Plaintiff, an inmate proceeding *pro se* in this civil rights action filed pursuant to 42 U.S.C. § 1983, had previously submitted a civil rights complaint under 42 U.S.C. § 1983. Doc. 1. Plaintiff simultaneously paid the Court's $250.00 filing fee at the time he filed the complaint on September 20, 2005. Doc. 3. The complaint is ready for review as is required by 28 U.S.C. § 1915A.

    Plaintiff alleges that in 1976 he was convicted of first degree murder and sentenced to life imprisonment with a twenty-five year minimum mandatory term. Doc. 1. The offense itself occurred on November 15, 1975. *Id.* On or about May 29, 1999,

Plaintiff was interviewed for parole by a parole examiner and allegedly advised by the unnamed examiner that Plaintiff "would be recommended for parole on November 15, 2000." *Id.* By June 11, 1999, Plaintiff was told by the parole examiner in a re-interview that a review of Plaintiff's criminal history in NCIC "revealed a possession of firearm charge from New Jersey in 1973 which had resulted in a one-year suspended sentence."[1] *Id.* Based on that information, the examiner decided to set Plaintiff's parole date for November 15, 2005. *Id.* Plaintiff contends that "as a direct result of that reinterview [sic] and retroactive application of new, harsher parole statutes and guidelines," Plaintiff remained confined in prison and the hearing examiner's recommendation was rejected. *Id.* Instead, the Parole Commission, including the sole Defendant Monica David, established Plaintiff' parole release date for November 15, 2030. *Id.* Additionally, Plaintiff would not be re-interviewed for parole consideration again until April of 2004. *Id.*

Plaintiff asserts that the parole statutes and guidelines in effect during 1975 when Plaintiff committed the murder would have precluded extending his parole release date for five years (as recommended by the parole examiner) based on a charge and suspended sentence that was known previously. *Id.* Additionally, Plaintiff contends the statutes and guidelines in effect in 1975 would have precluded the Commission from considering Plaintiff's confidential competency evaluation and which Plaintiff suggests was used by the Commission in 1999 in establishing a release date of 2030 "with no

---

[1] Plaintiff asserts that the information was known back in 1975 as it was in Plaintiff's court files.

additional opportunities for a reinterview [sic] for parole consideration until April [,] 2004[,] and every five years thereafter."  Id.

Plaintiff was re-interviewed in June of 2004, "and only three years were recommended to be taken off of his parole release date, thus recommending a new parole release date of November 15, 2027."  Id.  Again, however, the Commission rejected the hearing examiner's recommendation and left Plaintiff's parole release date for November 15, 2030, and set his next parole interview for 2009.  Id.

Plaintiff raises due and ex post facto violations and contends his "eligibility for parole has been compromised and extended . . . ."  Id.  Plaintiff raises an additional equal protection claim by virtue of the consideration of his confidential competency evaluation.  Id.  As relief, Plaintiff seeks a declaratory judgment, and injunctive relief in that Plaintiff desires an "immediate parole interview and hearing under the statutes and guidelines in effect on November 15, 1975."  Id.

The important dates for considering Plaintiff's claims are that his re-interview by a parole hearing examiner took place in June of 1999, and the Commission considered Plaintiff's parole suitability in July of 1999.  Doc. 1.  This case was not initiated until September of 2005, six years later.

In Lovett v. Ray, 327 F.3d 1181 (11th Cir. 2003), a state prisoner brought suit pursuant to 42 U.S.C. § 1983 asserting that the retroactive application of a new Georgia parole policy violated the Ex Post Facto Clause.  The period of limitations was two years under Georgia law.  The prisoner had been notified by defendants in September, 1998, that he would not be considered for parole until 2006.  The court held:  "As of that time he knew, or should have known, all of the facts necessary to pursue a cause of action . .

. . ." 327 F.3d at 1183. The claim, which was filed more than two years later, was held to be untimely. *Id.* The court further held that the claim was not a continuing violation: "Here, the defendants' act (deciding not to consider Lovett for parole again until 2006) was a one time act with continued consequences, and the limitations period was not extended." *Id.*

In a subsequent case, the court also held that: "Each time [the prisoner's] parole reconsideration hearing is set, it does not amount to a distinct and separate injury." Brown v. Georgia Board of Pardons & Paroles, 335 F.3d 1259, 1261 (11th Cir. 2003). That is so because it is the initial decision applying the policy, not the continued application of the policy, which triggers the running of the statute of limitations. *Id.* "The successive denials of parole do not involve separate factual predicates and therefore do not warrant separate statute-of-limitations calculations." *Id.* at 1262.

Applying those decisions to these cases reveals that Plaintiff's claims are barred by the statute of limitations. A federal § 1983 claim is governed by the forum state's residual personal injury statute of limitations. Burton v. City of Belle Glade, 178 F.3d 1175, 1188 (11th Cir. 1999), *citing* Owens v. Okure, 488 U.S. 235, 249-50, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989); Wilson v. Garcia, 471 U.S. 261, 276, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985). In Florida, "a plaintiff must commence a § 1983 claim . . . within four years of the allegedly unconstitutional or otherwise illegal act." Burton, 178 F.3d at 1188, *citing* Baker v. Gulf & Western Indus., Inc., 850 F.2d 1480, 1483 (11th Cir.1988). Because Plaintiff's claims were not filed prior to July of 2003, they are barred by the statute of limitations and must be dismissed.

Although the length of the time period is determined by state law, when a § 1983 action accrues is a question of federal law. Mullinax v. McElhenney, 817 F.2d 711, 716 (11th Cir. 1987) (and cases cited). In § 1983 cases, " 'the statute [of limitations] does not begin to run until the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights.' " Calhoun v. Alabama Alcoholic Beverage Control Board, 705 F.2d 422, 425 (11th Cir. 1983). Here, Plaintiff knew, or should have known, of his constitutional claims at the time the alleged injuries occurred in 1999. The expiration of the statute of limitations warrants § 1915 dismissal. Clark v. Georgia Pardons and Parole Bd., 915 F.2d 636, 641, n. 2 (11th Cir. 1990). Thus, notwithstanding the fact that Plaintiff paid the filing fee, the complaint is barred by the statute of limitations and must be dismissed.

Moreover, as another basis for dismissal, Plaintiff's claims are insufficient on their face. The law is well settled that a challenge to the "parole decision process" or guidelines by which the Parole Commission decides who should or should not be released on parole is not a viable claim. In Paschal v. Wainwright, 738 F.2d 1173 (11th Cir. 1984), the court considered a challenge to the 1978 Objective Parole Guidelines Act which required the Commission to enact guidelines that would be used in making parole release decisions, including the establishment of a presumptive release date and whether release should be granted. 738 F.2d at 1175. The Eleventh Circuit explained in Paschal that "[a] law which is merely procedural and does not add to the quantum of punishment . . . cannot violate the ex post facto clause even if it is applied retrospectively." Id., at 1176, citing Weaver v. Graham, 450 U.S. 24, 32-33, 101 S.Ct. 960, 966, n.17, 67 L.Ed.2d 17 (1981). The court also has held that the ultimate

discretion about granting parole is with the Parole Commission "and that because the [Objective Parole Guidelines Act] merely made a procedural change in how this discretion was exercised there was no ex post facto violation." Johnson v. Wainwright, 772 F.2d 826, 827 (11th Cir. 1985), *explaining* Paschal. Plaintiff does not have an ex post facto claim based on the guidelines which were used to set his presumptive parole release date.

Furthermore, Florida's parole system leaves the decision of whether or not to grant parole "to the discretion of the [Parole] Commission . . . ." Jonas v. Wainwright, 779 F.2d 1576, 1577 (11th Cir.), *cert. denied*, 479 U.S. 830 (1986), *citing* Moore v. Florida Parole & Probation Comm'n, 289 So. 2d 719 (Fla. 1974). "There is no constitutional right to parole in Florida." Jonas, 779 F.2d at 1577, *citing* Hunter v. Florida Parole & Probation Comm'n, 674 So. 2d 847, 848 (11th Cir. 1982).[2] In Hunter v. Florida Parole & Probation Commission, the Court rejected a claim that the Commission improperly calculated a presumptive parole release date and, thus, violated due process, holding that because there was no liberty interested in parole, there was no due process violation. Hunter, 674 F.2d at 848. Plaintiff's due process claim must also fail. Finally, because Plaintiff presented no allegations showing how he was treated differently than any other inmate similarly situated, Plaintiff failed to present a viable equal protection claim as well.

---

[2] "It is the intent of the Legislature that the decision to parole an inmate from the incarceration portion of the inmate's sentence is an act of grace of the state and shall not be considered a right." FLA. STAT. § 947.002(5).

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's civil rights complaint, doc. 1, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and because his claims are barred by the statute of limitations, and that the order adopting this report and recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on November 15, 2005.

    s/ William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**